IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HOSPICE ADVANTAGE, LLC**                                                                   **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 5:13-CV-56-KS-MTP**

**ST. JOSEPH HOSPICE, LLC; et al.**                                       **DEFENDANTS**

### ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion for a Temporary Restraining Order and Permanent Injunction [2]. Plaintiff failed to demonstrate that a substantial threat of irreparable harm will result if the injunction is not granted, and Plaintiff's counsel failed to certify in writing any efforts made to give notice to Defendants and why notice should not be required.

Rule 65 provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). The movant must also show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the

[temporary restraining order] will not disserve the public interest." *Clark v. Pritchard*, 812 F.2d 991, 993 (5th Cir. 1987). These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990).

First, the Court finds that Plaintiff has not demonstrated that a substantial threat of irreparable harm will result if the injunction is not granted. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). This is a breach of contract and tortious business interference case. All of Plaintiff's damages can be remedied by monetary damages. It may be difficult to calculate and prove a loss of business and goodwill, but litigants do so frequently. The only potentially irreparable injury cited by Plaintiff is the breach of Plaintiff's patients' private information. But that is an injury suffered by Plaintiff's patients, and Plaintiff does not have standing to seek their remedy.

The Court also notes that Rule 65 requires that a movant's attorney certify in writing any efforts made to provide notice to the adverse party and the reasons why notice should not be required. Plaintiff failed to provide such certification.

SO ORDERED AND ADJUDGED this 12th day of April, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE
